IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RANDALL PITTMAN, #16050**                                              **PETITIONER**

**v.**                                         **CAUSE NO. 2:11-cv-153-KS-MTP**

**CHRISTOPHER EPPS**                                                  **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on Petitioner Randall Pittman's ("Petitioner") Objections [27] to the Report and Recommendation [26] ("Report") filed by United States Magistrate Judge Michael T. Parker on July 3, 2014.  After thoroughly reviewing the Report [26], the record, Petitioner's Objections [27], and the relevant law, the Court finds that the Magistrate properly recommended that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1] ("Petition") be denied and dismissed with prejudice.  The Court therefore concludes that Petitioner's Objections [27] should be overruled and that the Magistrate's Report [26] should be adopted as the opinion of the Court.

**II.  PROCEDURAL BACKGROUND**

Petitioner was convicted of two counts of murder in the Circuit Court of Perry County, Mississippi.  *Pittman v. State*, 42 So.3d 556, 559 (Miss.App. 2009).  His conviction was affirmed by the Mississippi Court of Appeals, *id.* at 562-63, and the Mississippi Supreme Court declined to review the Court of Appeals decision.  *Pittman v. State*, 42 So.3d 24 (Miss. 2010).  Petitioner applied to the state supreme court for leave to file a motion for post-conviction relief with the

trial court. (*See* S.C.R. [11-12] at pp. 2-3.) His application was denied. (*See* S.C.R. [11-13] at p. 450.)

Petitioner then filed his Petition [1] requesting a writ of habeas corpus on July 27, 2011, which was referred to United States Magistrate Judge Michael T. Parker. The Magistrate issued his Report [26] on July 3, 2014, with the recommendation that the Petition [1] be denied and dismissed with prejudice. Petitioner then filed a Notice of Right to Object in Accordance with the Rules and 28 U.S.C. § 636(b)(1) [27] ("Objections"), objecting to the Magistrate's findings on his claims of false testimony due to prosecutorial misconduct, suppression of exculpatory evidence, and ineffective assistance of counsel. (*See* Objections [27] at p. 2.) Respondent filed Notice [28] of the State's intent not to file any formal response to Petitioner's Objections [27] on July 23, 2014.

### III. DISCUSSION

A federal court has the authority to grant a writ of habeas corpus if a state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or if the decision was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). A state court decision is contrary to federal precedent if it is "diametrically different" to clearly established Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 406, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The state court decision involves an unreasonable application of federal law if it were "objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 236 (5th Cir. 2002) (quoting *Williams*, 529 U.S. at 409, 120 S.Ct. 1495 (O'Connor, J., concurring)). The application is reasonable, though, if "fairminded jurists could disagree on its correctness." *Harrington v. Richter*, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011)

(quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)).

A habeas court does not have the authority to grant a writ of habeas corpus unless all state court remedies have been exhausted. *See* 28 U.S.C. § 2254(b). However, a claim is presumed to have been adjudicated on the merits by the state court even if the state court's reasoning does not address federal law specifically. *Richter*, 131 S.Ct. at 784-85. Because the Mississippi Supreme Court denied Petitioner's request for post-conviction relief in his Application for Leave to Proceed in the Trial Court, (S.C.R. [11-13] at p. 450), the Court assumes under *Richter* that all claims in the application were adjudicated on their merits and all federal law was appropriately considered.

The portions of the Magistrate's Report [26] not objected to are subject to review under a clearly erroneous standard. *Williams v. K & B Equipment Co., Inc.*, 724 F.2d 508, 510 (5th Cir. 1984). As such, they will only be reversed if the Court is "left with a definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). After a thorough review of the Report [26], the Petition [1], the state court record, and the relevant law, the Court finds no such mistake and adopts the findings and conclusions of the Magistrate in the non-objected to portions of the Report [26] as the opinion of the Court.

Petitioner raises three grounds in his Objections [27] to the Report [26]: false testimony and prosecutorial misconduct, suppression of exculpatory evidence, and ineffective assistance of counsel. (*See* Objections [27] at p. 2.) Under 28 U.S.C. § 636(b)(1)(C), the Court reviews these claims *de novo*. The Court finds that none of the three grounds in Petitioner's Objections [27] have merit. The Court therefore overrules Petitioner's Objections [27] and adopts the entirety of

the Report's [26] findings as the opinion of the Court.

### A.     False Testimony and Prosecutorial Misconduct

To show a violation of due process due to false testimony, Petitioner must show that "(1) the testimony was actually false, (2) the state knew it was false, and (3) the testimony was material." *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996). The truth of the testimony given is a question of fact. For the Court to grant habeas relief, then, Petitioner would have to show that the determination of the truthfulness of the testimony was unreasonable in light of all the evidence presented in court. 28 U.S.C. § 2254(d)(2). Petitioner has failed in this respect.

Petitioner's main arguments under this claim deal with inconsistencies between the video surveillance tape and the testimony given by Freida Stewart, as well as the inconsistences in the testimony of Iyanter Norris concerning Petitioner's wallet. (*See* Objections [27] at pp. 3-6.) These arguments, though, were never made to the Magistrate. The Fifth Circuit has held that "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)). Even without this procedural bar, Petitioner has failed to show that these inconsistencies, in so far as they exist, were of such an insurmountable nature as to make unreasonable any determination that Stewart and Norris's testimonies were true.

Therefore, the Court agrees with the Magistrate's Report [26] that the Petition [1] should be denied on these grounds and adopts the findings in the Report [26] with respect to this claim.

### B.     Suppression of Exculpatory Evidence

Petitioner's only contention under this claim is that a toxicology report on his blood was

suppressed.  (*See* Objections [27] pp. 11-14.)  However, there is no evidence in the state court record that such a report exists.  Petitioner also reiterates his request for an evidentiary hearing in this matter, pointing to the fact that a sample of his blood was taken as proof that his blood must have been analyzed for drugs.  (*See* Objections [27] pp. 13-14.)  This fact, though, is not sufficient proof that a toxicology report on Petitioner's blood exists.  Furthermore, federal habeas relief is limited to the record of the state court that adjudicated the claim, *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011), and Petitioner's claim does not fall under the limited circumstances where an evidentiary hearing is warranted found in 28 U.S.C. § 2254(e)(2).

The Court therefore agrees with the finding of the Magistrate's Report [26] with regards to the suppression of the toxicology report and denies relief on this claim.

**C.     Ineffective Assistance of Counsel**

For a claim of ineffective assistance of counsel to prevail, a petitioner must show that "counsel's performance was deficient" and "prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 40 L.Ed.2d 674 (1984).  "[S]crutiny of counsel's performance must be highly deferential . . . [and] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  A petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.  To satisfy *Strickland*, it is not enough for Petitioner to allege counsel's performance prejudiced him, he must "affirmatively prove" it.  *Celestine v. Blackburn*, 750 F.2d 353, 356 (5th Cir. 1984) (quoting *Strickland*, 466 U.S. at 693, 104 S.Ct. 2052).

In a federal habeas proceeding, Petitioner must show that the state court's application of the *Strickland* standard was unreasonable. *See* 28 U.S.C. § 2254(d)(1). Most of Petitioner's arguments, in both his original Petition [1] and in his Objections [27], are general and conclusory statements against his counsel's performance. Such statements are not enough to show a constitutional issue in a federal habeas proceeding. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)). Furthermore, the specific examples Petitioner does point to do not necessarily rise to the level of "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

Petitioner contends that his trial counsel "should have done a better job during Trial." (Objections [27] at p. 6.) He claims that counsel should have had evidence to refute the blood evidence offered by the surveillance videos. (*See id.* at pp. 17-18.) Petitioner claims that the blood evidence would have been refuted had counsel shown the jury a photograph of the tattoos and birthmark on his torso. (*See id.* at 18.) He uses the fact that the jury asked if Petitioner had any scars or birthmarks on his chest during deliberations as proof that a photograph of his chest would have exonerated him. (*See id.*) It is difficult to say, however, that showing such a photograph to the jury would have changed the outcome of the trial. Even if the surveillance video quality was poor enough to make tattoos and birthmarks mistakable for blood, the jury also heard multiple witnesses testify that Petitioner was covered in blood. While the introduction of a photograph of Petitioner's chest depicting his tattoos and birthmark may have been helpful to the jury, Petitioner is required under *Strickland* to "affirmatively prove" that failure to introduce the photograph prejudiced him. *Celestine*, 750 F.2d at 356 (5th Cir. 1984) (quoting *Strickland*, 466

U.S. at 693, 104 S.Ct. 2052).  Petitioner's arguments do not amount to affirmative proof.

Petitioner further claims that his counsel should have called Jeremiah Johnson and Jackie Witter as witnesses and that his counsel's investigation into the whereabouts of these witnesses was deficient.  (*See id.* at pp. 22-24.)  The Fifth Circuit has said that in order to succeed on a claim of ineffective assistance of counsel for failure to call a witness, the petitioner must "demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that testimony would have been favorable to a particular defense."  *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citing *Bray v. Quarterman*, 265 Fed.Appx. 296, 298 (5th Cir. 2008)).  Petitioner, in arguing that counsel's investigations should have located these witnesses, has admitted that they were not available at the time of his trial.  (*See* Objections [27] at pp. 25-26.)  Because the content of an uncalled witness's testimony is "largely speculative," *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001), it was not unreasonable for the state court to find Petitioner's counsel was not ineffective under *Strickland* for deciding not to launch a more thorough investigation into the locations of Johnson and Witter.

The investigations that were undertaken by counsel were not clearly deficient either.  "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."  *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).  Though Petitioner has alleged what he believed an investigation into Jackie Witter's location might have revealed, he has not shown that an investigation would have succeeded in locating her, nor has he shown that the outcome of the trial would necessarily been altered had she been located.

Furthermore, he gives no indication what an investigation into Jeremiah Johnson's location would have yielded. Therefore, the Court cannot hold that the state court was unreasonable for deciding against Petitioner on this claim.

The state court's application of the *Strickland* standard to Petitioner's ineffective assistance of counsel claim was not, then, unreasonable. The Court therefore denies federal habeas relief on Petitioner's ineffective assistance of counsel claim and adopts the findings and conclusions in the Magistrate's Report [26] concerning this claim as the opinion of the Court.

### IV.  CONCLUSION

For the reasons discussed above, the Court rejects all of the objections stated in Petitioner's Objections [27] and adopts the Magistrate's Report [26] in its entirety as the findings of the Court.

IT IS THEREFORE ORDERED AND ADJUDGED that Petitioner's Objections [27] are overruled, and the United States Magistrate Judge Michael T. Parker's Report and Recommendation [26] is accepted, approved, and adopted as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1] filed by Petitioner is denied and dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 5th day of August, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE